SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**NICOLE M. HERMANN, OSB #126353**
Assistant United States Attorney
Nicole.Hermann@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00254-AB** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **ZAKARY HUBERT,** | |
| **Defendant.** | |

Defendant is before the Court for his fourth felon in possession of a firearm conviction, less than 6 months after his release from prison and while on post-prison supervision. The facts of the instant offense combined with defendant's criminal history support the government's recommendation of a sentence of 41 months' imprisonment, followed by a three-year term of supervised release, and a $100 fee assessment. It is the government's position that 41 months of prison imposes consequences for defendant's continued cycle of committing new felony offenses

while on supervision and is sufficient but not greater than necessary to meet the court's goals in sentencing.

**Factual Background**

**A. The Offense Conduct**

On March 20, 2025, law enforcement officers were conducting surveillance around an All Stop Market in Gresham, OR on an unrelated investigation. PSR ¶ 17. While parked in the parking lot, MCSO Sgt. Phifer noticed defendant in a nearby parking space, leaning into the backseat of a Toyota truck. PSR ¶ 18. The defendant's shirt was lifted as he was leaning over, and Sgt. Phifer could clearly see a firearm tucked into his waistband. *Id*. Sgt. Phifer was able to determine defendant's identity through records checks and photo comparison. PSR ¶ 19. An additional records check of defendant showed him to be on supervision for a prior Felon in Possession of a Firearm conviction and to have a revoked driver's license. PSR ¶ 21. Sgt. Phifer observed the vehicle's passenger return from the market and saw defendant get back into the driver's seat of the truck and begin to drive out of the lot. PSR ¶¶ 20-22. Other investigators in the area responded and stopped the truck. PSR ¶ 22. As the truck came to a stop, one officer saw the defendant reaching down toward the floor of the vehicle. PSR ¶ 24. Defendant was taken into custody and found to no longer be wearing the firearm. A search of the vehicle revealed a loaded Smith & Wesson SW9VE 9mm handgun, with serial number PBF770l in a holster under the driver's seat. PSR ¶ 25.

**B. The Charge and Plea Agreement**

On June 17, 2025, defendant was charged in a single count indictment with Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. Defendant pled guilty to Count 1, Felon in Possession of a Firearm, on April 22, 2026. ECF No. 20.

**C. Guidelines Calculations**

The government agrees with the computations as outlined in the PSR. The parties agree that defendant's base offense level is 20 under USSG § 2K2.1(a)(4)(A). PSR ¶ 33. The parties and the PSR arrive at a base offense level of 20 based on defendant having previously sustained one felony conviction for a controlled substance offense. *Id*.

Defendant's timely plea of guilty demonstrates that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case, which is reflected in a three-level adjustment for acceptance of responsibility. PSR ¶¶ 40-41.

The government does recommend an additional three-level reduction in defendant's offense level for the early resolution of his case pursuant to the plea agreement. PSR ¶ 162.

Finally, the government agrees with Probation that defendant scores 28 criminal history points. PSR ¶ 66. An additional point is added as the defendant committed the instant offense while under a criminal justice sentence under USSG § 4A1.1(e), resulting in a total criminal history score of 29, placing him in CHC VI. *Id*.

In summary, the government made the following calculations in determining the defendant's total offense level:

| **Guideline** | **Government's Position** |
|---|---|
| Base offense level — USSG § 2K2.1(a)(4)(A) | 20 (PSR ¶ 33) |
| Acceptance of Responsibility—<br>USSG § 3E1.1 | - 3 (PSR ¶¶ 40-41) |
| 18 U.S.C. § 3553(a) government<br>recommendation for early resolution | - 3 (PSR ¶162) |
| **Total Offense Level** | **14** |
| Criminal History Category | **VI** (PSR ¶ 66) |
| Resulting Guideline Range | 37 – 46 months |

**D. Relevant Criminal History**

Defendant's adult criminal history begins at age 18 with a 24-month prison sentence for delivery of marijuana in 2011. This conviction is the basis for the base offense level agreed to by the parties and outlined in the PSR. Defendant was arrested three years later on his first of five arrests for felon in possession of a firearm and was convicted for Felon in Possession of a Firearm in Multnomah County in 2014. Just over a year later, while still on supervision, defendant was convicted of his second firearm offense, felony Unlawful Possession of a Firearm in Washington.

In the summer of 2023, defendant was arrested twice in possession of a firearm, marking his third and fourth arrests for gun possession. In June 2023 he was arrested and charged by Indictment in Multnomah County for Felon in Possession of a Firearm[1]. A month later, in July 2023, defendant was again arrested and charged with Felon in Possession, this time in Linn County, Oregon. As part of a global resolution, defendant's Multnomah County case was dismissed and he was convicted of Felon in Possession of a Firearm in Linn County, receiving an 18-month prison sentence. Defendant was still on post-prison supervision for that third firearm conviction when he was arrested on this case.

**E. Government's Recommended Sentence**

Defendant appears in federal court for the first time, on his fourth conviction for possessing a firearm as a prohibited person (felon). Defendant was released from prison less than six months prior to his arrest in this case. A mid-range guidelines sentence is warranted for the

[1] This arrest and charge do not appear in the PSR but are reflected in the charging documents and register of actions in Multnomah County Circuit Court case number 23-CR-28848.

instant offense, and the government recommends a sentence of 41 months' imprisonment, followed by a three-year term of supervised release.

The government makes this recommendation for the following primary reasons: 1) the risks associated with the defendant's behavior in the instant case despite the clear prohibitions of firearm possession repeatedly imposed by the court, and 2) defendant's inability to comply with supervision terms, as demonstrated by the fact that the instant offense is yet another instance of defendant committing a felony crime while on supervision.

The defendant's continued disregard for the court's orders and firearms prohibitions based on his possession of a firearm in this case demonstrate that he has not earned the trust of the court to believe he will abide by the firearms prohibitions this time. Defendant's repeated insistence on arming himself and his history of criminal activity are a danger to not only those in his immediate orbit but to the community at large. The government recommends a sentence of 41 months' imprisonment, followed by a three-year term of supervised release, because this is a sentence that is sufficient but not greater than necessary to comply with the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation. *Dean v. United States*, 137 S. Ct. 1170, 1175 (2017); 18 U.S.C. § 3553(a).

The government's sentencing recommendation takes into account the applicable offense guidelines as well as defendant's early willingness to take responsibility and resolve his case. The nature and circumstances of the underlying offense demonstrate to the court that defendant should not be granted any benefit beyond the reductions already provided. Defendant's conduct demonstrates a disregard for the prohibitions long imposed on him and he should be held accountable for his actions. The government's sentencing recommendation is appropriate to

prevent defendant from committing additional firearms offenses, deter him from such continued criminal conduct, and to protect the community.

### F. Forfeiture

There are no forfeiture matters pending in this case. The firearm charged in Count 1 of the indictment has been abandoned pursuant to the terms of the plea agreement and will be handled via administrative proceedings with the holding agency.

## Conclusion

Based on the foregoing, the government recommends that this Court impose a sentence of 41 months' imprisonment, followed by a three-year term of supervised release, subject to the standard conditions, plus the special conditions that have been recommended by the PSR, and imposition of a $100 fee assessment.

Dated: September 9, 2026

SCOTT E. BRADFORD
United States Attorney

*/s/ Nicole M. Hermann*
NICOLE M. HERMANN, OSB #126353
Assistant United States Attorney